UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER GLEN GLUNT,         :

    Petitioner                      :   CIVIL ACTION NO. 3:14-1602

    v.                              :          (JUDGE MANNION)

SUPT. NANCY GIROUX,             :

    Respondent                      :

## MEMORANDUM[1]

Petitioner, Christopher Glen Glunt, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a 2003 conviction imposed by the Court of Common Pleas for Centre County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

**I.**    **Background**

The following background has been extracted from the Pennsylvania

---

[1] 1For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Superior Court's June 8, 2010 Memorandum Opinion, affirming the state court's denial of Glunt's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§9541, et seq. ("PCRA"). (Doc. 13-1 at 153, Memorandum Opinion dated June 8, 2010).

> On February 28, 2003, a jury convicted Glunt of the 118 counts charged against him for corruption of minors, endangering the welfare of a child, involuntary deviate sexual intercourse, incest, indecent assault, aggravated indecent assault, unlawful restraint, indecent exposure, and rape. On May 27, 2003, he was sentenced. He filed timely post-sentence motions, which were subsequently denied. He did not file a direct appeal.
>
> In 2007, Glunt filed a petition for collateral relief pursuant to 42 Pa.C.S.A. §§9541-9546 (PCRA). Counsel was appointed. Following counsel's review, she filed a motion to withdraw from representation that indicated that the petition was untimely and no timely exceptions applied. The PCRA court conducted a hearing and subsequently granted counsel's motion to withdraw. Glunt was granted an indefinite continuance to amend his PCRA petition.
>
> On August 14, 2009, he filed his "Memorandum and Petition to Dismiss for Lack of Subject Matter Jurisdiction," which was his amendment to the PCRA petition (*see infra*). In an effort to defeat the timeliness problem, Glunt made an allegation that he argues was not waivable, *i.e.*, the trial court lacked subject matter jurisdiction. The PCRA court dismissed the petition on August 24, 2009; this timely appeal followed.
>
> On appeal, Glunt asks whether the PCRA court erred in denying his petition to dismiss for lack of subject matter jurisdiction without a hearing or argument in direct contrast of the applicable law. Appellant's brief, at 7.

Upon considering a PCRA court's denial of relief, our standard of review is limited to a determination of whether the PCRA court's findings are supported by the record and free from legal error. Commonwealth v. Liebensperger, 904 A.2d 40, 44 (Pa. Super. 2006)(citation omitted). In the present case, the PCRA court determined that Glunt's PCRA petition was untimely filed and that no timing exception was pleaded and proved; therefore, the PCRA court lacked jurisdiction to review the merits of the petition. PCRA court opinion, 11/6/2009, at 3. We agree.

All PCRA petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S.A. §9545(b)(1). This time restriction is jurisdictional in nature. "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." Commonwealth v. Derrickson, 923 A.2d 466, 468 (Pa. Super. 2007)(citations omitted).

Glunt's judgment of sentence was final thirty days following the May 27, 2003, sentencing. See 42 Pa.C.S.A. §9545(b)(3). He had one year from this date to file any petition for collateral relief unless he pleaded and proved a timing exception applied. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii). Commonwealth v. Greer, 866 A.2d 433, 436 (Pa. Super. 2005)(one-year time requirement applies to all PCRA petitions, including second or subsequent petitions). He did not file his petition until on or about September 1, 2007, which made it patently untimely.

Glunt's appointed PCRA counsel recognized the untimeliness of his petition in her motion withdraw. The PCRA court granted him an indefinite extension to amend his PCRA petition to plead and prove a timing exception. In August of 2008, he filed his petition to dismiss for the trial court's lack of subject matter jurisdiction, which was actually an allegation under the PCRA. 42 Pa.C.S.A. §9543(a)(2)(vii) (collaterally challenging conviction from proceeding in tribunal without jurisdiction); Commonwealth v.

Deaner, 779 A.2d 578, 580 (Pa. Super. 2001) ("Any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition."). Accordingly, he must plead and prove a timing exception applied.

Glunt's allegation regarding the timing exception is that challenges to the subject matter jurisdiction of the trial court cannot be waived. While Glunt's allegation is correct, he still must invoke the jurisdiction of the PCRA court in order for his claim to be reviewed. Cf. Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999) (claims of illegal sentence, while non-waivable, not reviewable in untimely PCRA that did not meet timing requirements). And in order to invoke the PCRA court's jurisdiction for the patently untimely filing, he needed to plead and prove a timing exception, namely, the failure to raise the claim was the result of governmental interference, the facts upon which the claim was predicated were unknown, or a newly-recognized constitutional right. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii).

Regarding the jurisdiction of the PCRA court, Glunt's petition did nothing further than baldly assert that challenges to subject matter jurisdiction cannot be waived. He did not plead or prove how that allegation met one of the timing exceptions: it was not a claim of governmental interference that delayed the presentation of the claim; it was not a claim that was in some manner unknown to him or could not have been discovered with the exercising of due diligence; and it was not a claim of newly-recognized constitutional right. Accordingly, the PCRA court did not have jurisdiction to entertain his request for collateral relief, and it was correctly denied.[2]

---

[2] The PCRA court denied Glunt's request without following the requirements of Pa.R.Crim.P. 907. However, where a PCRA petition is untimely, a failure to provide a notice of intent to dismiss the petition, under Rule 907 is not reversible error. Commonwealth v. Davis, 916 A.2d 1206, 1208 (Pa. Super. 2007).

4

> There is no absolute right to an evidentiary hearing. Commonwealth v. Camps, 772 A.2d 70 (Pa. Super. 2001). As noted above, Glunt failed to plead a specific timing exception and, thus, made an evidentiary hearing unnecessary.

By Memorandum Opinion dated June 8, 2010, the Pennsylvania Superior Court affirmed the PCRA court's order denying Glunt's PCRA petition, even though the PCRA court failed to issue the notice required by Pa.R.Crim.P. 907(1). (Doc. 13-1, at 153, Memorandum Opinion dated June 8, 2010.

On February 23, 2012, Petitioner filed a Petition to Vacate/Correct Illegal Sentence alleging: (1) that the trial court did not have subject matter jurisdiction, (2) that the trial court did not have authority to try, convict, and order imprisonment of Petitioner, and (3) that Petitioner's sentence is illegal/unconstitutional. See Commonwealth of Pennsylvania v. Glunt, CP-14-CR-0001799-2002, Centre County Court of Common Please Criminal Docket).

On March 20, 2012, the Court of Common Pleas of Centre County dismissed the motion without hearing, holding the motion to be procedurally without legal foundation and untimely. Id. On April 20, 2012, Glunt filed an appeal to the Pennsylvania Superior Court. Id. On January 21, 2013, the Superior Court affirmed the dismissal. Id.

On August 15, 2014, Glunt filed the instant petition for writ of habeas corpus, challenging his 2003 conviction. (Doc. 1, petition). A response (Doc. 13, response) and traverse (Doc. 15, traverse) having been filed, the petition is ripe for disposition.

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins

to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural

7

requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal

8

citations and quotations omitted).

In this case, because Petitioner failed to file a direct appeal, his conviction became final on May 27, 2004, at the expiration of the thirty-day period to file a direct appeal to the Pennsylvania Superior Court. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). The instant petition was not filed until August 15, 2014, more than ten years after the limitations period expired. As such, the petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. Petitioner filed his first PCRA petition on September 1, 2007, more than three years after the AEDPA statute of limitations expired.[3] Petitioner's PCRA petition does not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir.2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the

---

[3]Neither can Petitioner's February 23, 2012 motion to vacate/correct illegal sentence be considered a properly filed PCRA petition, as it too was dismissed as untimely.

limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

## III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the

denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV.    Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


                                        s/ *Malachy E. Mannion*
                                        **MALACHY E. MANNION**
                                        **United States District Judge**

**Date: August 20, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1602-01.wpd